1  DAVID C. ANDERSEN (State Bar No. 194095)
2  THE MILLER FIRM, LLC
3  108 Railroad Avenue
4  Orange, VA 22960
5  Telephone: (540) 672-4224
6  Facsimile: (540) 672-3055
7  Email: dandersen@doctoratlaw.com

8  **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
9  **SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| 11 ROSE HEFNER AS PERSONAL | : | |
| 12 REPRESENTATIVE OF | : | Case No. 3:07-cv-06050-JL |
| 13 IRVING HEFNER (DECEASED) | : | |
| 14 | : | **PLAINTIFFS' MOTION FOR** |
| 15 DEBORAH CITRANO JOHNSON | : | **REMAND WITH SUPPORTING** |
| 16 AS PERSONAL | : | **MEMORANDUM;** |
| 17 REPRESENTATIVE OF | : | **[PROPOSED] ORDER** |
| 18 STEPHEN CITRANO | : | |
| 19 (DECEASED) | : | |
| 20 | : | |
| 21 v. | : | |
| 22 | : | |
| 23 SMITHKLINE BEECHAM | : | |
| 24 CORPORATION | : | |
| 25 d/b/a GLAXOSMITHKLINE and | : | |
| 26 MCKESSON CORPORATION | : | |
| 27 | : | |
| 28 Defendants | : | |

29  THIS DOCUMENT RELATES TO:
30  *UPSHAW v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
31  *MCKESSEON CORPORATION,* Case No. 3:07-cv-05891-MHP
32  *HALL v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
33  *MCKESSON CORPORATION,* Case No. 3:07-cv-05887-JL
34  *FISHER v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
35  *MCKESSON CORPORATION,* Case No. 3:07-cv-05889-MMC
36  *JEFFERSON v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
37  *MCKESSON CORPORATION,* Case No. 3:07-cv-05888-SC
38  *THORNTON v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
39  *MCKESSON CORPORATION,* Case No. 3:07-cv-05890-JL
40  *BONE, ET AL v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
41  *MCKESSON CORPORATION,* Case No. 3:07-cv-05886-MHP
42  *HEFNER, ET AL. v. SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and*
43  *MCKESSON CORPORATION,* Case No. 3:07-cv-06050-JL

# TABLE OF CONTENTS

| | |
|---|---|
| **TABLE OF CONTENTS** | ii |
| **TABLE OF AUTHORITIES** | iii |
| **TABLE OF EXHIBITS** | vi |
| **MOTION FOR REMAND** | |
|     I.    **INTRODUCTION** | 1 |
|     II.    **FACTUAL BACKGROUND** | 2 |
|     III.    **STANDARD OF REVIEW** | 3 |
|     IV.    **LACK OF SUBJECT MATTER JURISDICTION** | 4 |
|     V.    **PLAINTIFF HAS ALLEGED A VALID CAUSE OF ACTION AGAINST MCKESSON** | 6 |
|     VI.    **DEFENSE OF LEARNED INTERMEDIARY IS INAPPROPRIATE** | 7 |
|     VII.    **FEDERAL QUESTION JURISDICTION** | 8 |
|     VIII.    **THE PRESCRIPTION DRUG USER FEE REAUTHORIZATION ACT ABOLISHES DEFENDANT'S ALLEGED PREEMPTION DEFENSE** | 10 |
|     IX.    **CONCLUSION** | 11 |
| **[PROPOSED] ORDER** | 13 |

**TABLE OF AUTHORITIES**

**I.    CASES**

     **A.  UNITED STATES SUPREME COURT**

*Gully v. First National Bank*,
    299 U.S. 109, 113 (1936)……………………………………………..……………………8

*Caterpillar, Inc. v Williams*,
    482 U.S. 386, 392 (1987)……………………………………………………….…………8

*Beneficial National Bank v. Anderson*,
    539 U.S. 1, 6-8 (2003)……………………………………………………….…………...8

*Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*,
    545 U.S. 312 (U.S. 2005)……………………………………………………………….9

*Franchise Tax Board v. Constr. Laborers Vacation Trust for S. Calif.*,
    463 U.S.1 (U.S. 1983)……………………………………………………………….10

*Merrell Dow Pharm., Inc., v. Thompson*,
    478 U.S. 804 (1986)………………………………………………………...……………10

     **B.  CALIFORNIA COURTS**

*Perkins v. Superior Court*,
    117 Cal.App.3d 1, 6 (2nd Dist. 1981)……………………………………...…………….6

*C.f., Barth v. B.F. Goodrich Tire Co.*,
    265 Cal. App.2d.228 (1st Dist. 1968)……………………………………………...…………….7

     **C.  SECOND CIRCUIT COURT OF APPEALS**

*Sullivan v. American Airlines, Inc.*,
    424 F.3d 267, 276 (2d Cir. 2005)………………………………………...……………..8

     **D.  THIRD CIRCUIT COURT OF APPEALS**

*Boyer v. Snap-On Tools Corp.*,
    913 F.2d 108 (3rd Cir. 1990)………………………………………………...……………..5

     **E.  FIFTH CIRCUIT COURT OF APPEALS**

*Dodson v. Spiliada Maritime Corp.*,
    951 F.2d 40, 42-43 (5th Cir. 1992)…………………………………...………………3

*Green v. Amerada Hess Corp.*,
    707 F.2d 201, 204 (5th Cir. 1983)……………………………………..……………….5

*Jernigan v. Ashland Oil Co.*,
    989 F.2d 812, 815-816 (5th Cir. 1993)……………………………………...……………..5

*Ford v. Elsbury*,
    32 F.3d 931, 938 (5th Cir. 1994)……………………………………………...……………5

*Green v. Amerada Hess Corp.*,
    707 F.2d 201, 205 (5th Cir. 1983)……………………………………….……………...5

### F. NINTH CIRCUIT COURT OF APPEALS

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061, 1067 (9th Cir. 2001)…………………………………...…………….….3

*McCabe v. General Foods Corp.*,
    811 F.2d 1336, 1339 (9th Cir. 1987)…………………………………………...………..3

*Peloza v. Capistrano Unified Sch. Dist.*,
    37 F.3d 517, 521 (9th Cir. 1994)……………………………………………...……………4

### G. UNITED STATES DISTRICT COURTS FOR NORTHERN, CENTRAL, EASTERN, AND SOUTHERN DISTRICTS OF CALIFORNIA

*Plute v. Roadway Package Sys., Inc.*,
    141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)……………………………………………..4

*Brown v. Allstate, Ins. Co.*,
    17 F.Supp.2d 1134 (D. Cal. 1998)………………………………………………………6

### H. UNITED STATES DISTRICT COURTS FOR NON-CALIFORNIA DISTRICTS

*Little v. Purdue Pharma, LP*,
    227 F. Supp. 2d 838, 847 n. 12 (S.D. Ohio 2002)…………………………..……………..4

*Freeman v. Bragunier Masonry Contractors, Inc.*,
    928 F. Supp. 611 (Dist. Md. 1996)………………………………………...……………5

*State of Utah v. Eli Lilly & Co.*,
    2007 U.S. Dist. Lexis 65571 (D. Utah 2007)……………………………………………..9

*Commonwealth of Pennsylvania v. Eli Lilly & Co., Inc.,*
    2007 U.S. Dist. Lexis 46946 (E.D. Pa. 2007)……………………………………………..9


**I.   CALIFORNIA SUPREME COURT**

*Anderson v. Owens-Corning Fiberglas Corp.,*
    53 Cal.3d 987, 281 Cal. Rptr. 528, 810P.2d 549 (1991)……………………………….……6

*Jimenez v. Superior Court,*
    29 Cal.4th 473 (2002)………………………………………………………………………7


**II.   OTHER AUTHORITIES**

28 U.S.C. § 1332……………………………………………………………………...……..3,4

28 U.S.C. § 1441(b)……………………………………………………………………………3

28 U.S.C. § 1447(c)……………………………………………………………………………4

Cal. Bus. & Prof. Code § 17200, et seq……………………………………………….……….5

Consumer Legal Remedies Act, Civ. Code § 1750 et seq. ("CLRA")………………...………5

California Code of Civil Procedure § 425.10(b)(1)……………………………………………6

28 U.S.C. § 1441(a)………………………………………………………………...………….8

*Order Denying Plaintiff's Motion to Remand,*
*In re: Phenylpropanolamine(PPA) Products Liability Litigation,*
MDL No. 1407, Docket No. C02-423R,
Slip Op. (W.D. Wash. Nov. 27, 2002)………………………………………….………….7

71 Fed. Reg. 3922 (Jan. 24, 2006)……………………………………..………………10, 11

*Prescription Drug User Free Reauthorization Act (PDUFA),*
H.R. 3580H.R. 3580 (Sept. 27, 2007)…………………………………………………10, 11

**TABLE OF EXHIBITS**

A.  Notice of Ruling with attached Revised Ruling on Request for Reconsideration by Judge Victoria Chaney), *Vioxx Cases*, California Superior Court for Los Angeles County, Case No. JCCP 4347, filed on or about May 22, 2006.

B.  *Reid, et al., v. Merck & Company, Inc., et al.*, Case No. CV 02-00504 NM (RZx)

C.  *Black, et al., v. Merck & Company, Inc., et al.*, Case No. CV 03-8730 NM (AJWx)

D.  *Albright, et al. v. Merck & Co., Inc., et al.*, No CV 05-4025 JFW (MANx)

E.  *Aaroe, et al., v. Merck & Co., Inc., et al.*, No CV05-5559 JFW (CWx)

F.  *Maher v. Novartis Pharmaceuticals Corp., et al.,* No. 07-852 WQH (JMA)

G.  Declaration of David C. Andersen Regarding Exhibits A-F.

**PLAINTIFFS' MOTION FOR REMAND AND
SUPPORTING MEMORANDUM**

Plaintiffs, by attorneys, THE MILLER FIRM, LLC, file this Motion for Remand against Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") and McKesson Corporation ("McKesson") (collectively "Defendants"), and state as follows:

## I.
## INTRODUCTION

Plaintiffs filed a complaint in the Superior Court of California against GSK and McKesson, for injuries and damages suffered when Plaintiff used Avandia® (hereinafter, Avandia"), as manufactured and distributed by all of the Defendants. McKesson is a "citizen" of the State of California for diversity purposes and may, from time to time, be referred to as "Non-Diverse Defendant". GSK may be referred to as "Diverse Defendant".

On November 30, 2007, GSK removed this action alleging that McKesson, the only in-state Defendant, has been fraudulently joined. GSK's claims that McKesson can not be liable and that it is a fraudulent defendant were raised and rejected in Vioxx cases filed in the California Superior Court for Los Angeles County, JCCP Case No. 4247. (Notice of Ruling with attached Revised Ruling on Request for Reconsideration by Judge Victoria Chaney), *Vioxx Cases*, California Superior Court for Los Angeles County, Case No. JCCP 4347, filed on or about May 22, 2006, Andersen Declaration at **Exhibit A**).

Other California courts have granted remand based upon the same arguments herein raised. (See rulings in *Reid, et al., v. Merck & Company, Inc., et al.*, Case No. CV 02-00504 NM (RZx) (Andersen Declaration at **Exhibit B**); *Black, et al., v. Merck & Company, Inc., et al.*, Case No. CV 03-8730 NM (AJWx) (Andersen Declaration at **Exhibit C**); *Albright, et al. v. Merck & Co., Inc., et al.*, No CV 05-4025 JFW (MANx) (Andersen Declaration at **Exhibit D**); and *Aaroe, et al., v. Merck*

1

*& Co., Inc., et al.*, No CV05-5559 JFW (CWx) (Andersen Declaration at **Exhibit E**)); *Maher v. Novartis Pharmaceuticals Corp., et al.,* No. 07-852 WQH (JMA) (Andersen Declaration at **Exhibit F**).

GSK argues: (1) that Plaintiffs failed to state a cause of action against the resident defendant; (2) that Plaintiff's claims necessarily raise substantial federal questions; (3) that under preemption principles, FDA approval of labeling under the act preempts conflicting or contrary State law.  As will be set forth below, GSK is wrong on these counts, and this case should be remanded to state court.

*First*, contrary to GSK's representation, Plaintiffs pleaded facts sufficient to state the multiple causes of action against McKesson which will be outlined below.  Further, GSK asks this Court to ignore the numerous times McKesson is identified by name within Plaintiff's Complaint, and the factual detail of McKesson's activities by name.  Plaintiffs have pleaded facts to satisfy all of the elements to state a products liability claim under California law.  Accordingly, GSK's first basis for remand must be rejected.

*Second*, GSK cannot demonstrate that Plaintiffs have raised a substantial federal question that would require federal jurisdiction.  As explained below, Plaintiffs' claims do not raise a "substantial federal question" because application of federal law is not necessary for their resolution.  Conversely, Plaintiffs claims rest in State causes of action in which the State of California has a significant judicial interest, requiring these claims to be tried in State Court.

*Third,* with the adoption of the Prescription Drug User Fee Reauthorization Act (PDUFA), signed into law September 27, 2007, any argument by Defendant that FDA approval of product labeling preempts state law claims is without merit.

## II.
## FACTUAL BACKGROUND

1. On November 27, 2007, Plaintiffs filed an action in the Superior Court of the State of California for the County of San Francisco.

2. On November 30, 2007, Defendants filed their Notice of Removal.

## III.
## STANDARD OF REVIEW

The burden to support removal is always upon the party seeking it. Here, that is not Plaintiff. Should GSK supply an opposition to remand, Plaintiffs reserve the right to address anything new and do not waive the right to attach any appropriate documentation to support their position.

For removal based on diversity, 28 U.S.C. § 1332 requires complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Additionally, removal is not allowed where one of the defendants is a "citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b). McKesson is a "citizen" of California. If McKesson can be a party, removal is improper. Joinder of a resident defendant is only fraudulent if the plaintiff fails to state a cause of action against that defendant and the failure is obvious according to the settled rules of the state. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

"There is a presumption against finding fraudulent joinder, and defendants who assert that [the] plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.,* 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Courts have denied claims of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant. *Plute*, 141 F.Supp.2d at 1008, 1012. "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).

Furthermore, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous or technically defective pleading must be resolved in favor of remand; a lack of clear precedent does not render the joinder fraudulent. *Plute*, 141 F.Supp 2d at 1008; *See Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) (courts must interpret general allegations to "embrace whatever specific facts might be necessary to support them"); *Little v. Purdue Pharma, LP*, 227 F. Supp. 2d 838, 847, n. 12 (S.D. Ohio 2002) ("in light of the heavy burden on defendants to show the non-diverse defendants were fraudulently joined, it seems to this Court that a finding of fraudulent joinder should not be based on factual deficiencies within the pleadings which are correctable by amendment").

Here, Defendants must show by clear and convincing evidence that under no circumstances could McKesson be liable for any of Plaintiffs' claimed injuries.

### IV.
### LACK OF SUBJECT MATTER JURISDICTION

Federal diversity jurisdiction requires that all parties to the action be "citizens of different states" or "citizens or subjects of a foreign state." 28 U.S.C. § 1332. 28 U.S.C. § 1447(c) governs the procedure after removal, and allows for remand of any action where the district court lacks subject matter jurisdiction. Specifically, 28 U.S.C. § 1447(c) states in pertinent part: "If any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Defendant's removal is improper because the district court lacks subject matter jurisdiction as the local corporation has been properly joined.

Defendants removed this action based solely upon diversity jurisdiction. They imply that the parties to this action are completely diverse because the local defendant, McKesson, is a fraudulently joined defendant. To succeed, Defendant must point to some California law that clearly indicates joinder is fraudulent. Plaintiff has sued McKesson under (1) negligence; (2)

negligent failure to warn; (3) negligence per se; (4) negligent misrepresentation; (5) breach of express warranty; (6) breach of implied warranty; (7) strict products liability – defective design; (8) strict products liability – manufacturing and design defect; (9) strict products liability – failure to adequately warn; (10) fraudulent misrepresentation; and (11) violations of California Unfair Trade Practices and Consumer Protection Law which are recognized causes of action against distributors and designers of medications in the State of California. *See* Cal. Bus. & Prof. Code § 17200, et seq. and the Consumer Legal Remedies Act, Civ. Code § 1750 et seq. ("CLRA").

Defendants seek a ruling that would in effect decide substantial factual disputes and terminate Plaintiffs causes of action against McKesson. The effect of allowing removal would be to find there is no way McKesson could ever have any liability here. However, a district court must not decide substantive factual issues in order to answer the threshold question of whether joinder of an in-state defendant is fraudulent. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 204 (5th Cir. 1983). The only issue the court should address is its own jurisdiction. *Id.*, at 204.

The removing defendant has the heavy burden of alleging and proving the non-diverse party's joinder is "fraudulent." *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815-816 (5th Cir. 1993); *Boyer v. Snap-On Tools Corp*., 913 F.2d 108 (3rd Cir. 1990). In order to establish that plaintiffs fraudulently joined an in-state defendant for purposes of defeating removal jurisdiction, the defendant must show either (1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or (2) that there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Freeman v. Bragunier Masonry Contractors, Inc.,* 928 F. Supp. 611 (Dist. Md. 1996); *Ford v. Elsbury*, 32 F.3d 931, 938 (5th Cir. 1994); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

As is more fully set out below, the allegations of the Complaint state causes of action against McKesson. In addition, the Southern and Central Districts of California have all held, in cases involving substantially similar allegations, that McKesson is <u>not</u> fraudulently joined in cases involving the pharmaceutical drugs. *See, e.g. Black, Albright, Aaroe, and Maher* attached as Exhibits "C", "D", "E" and "F". These cases, coupled with substantive law, support that McKesson is not fraudulently joined.

## V.
## PLAINTIFF HAS ALLEGED A VALID CAUSE OF ACTION AGAINST MCKESSON

Plaintiff has alleged all causes of action against McKesson. Defendants assert that McKesson is fraudulently joined because "plaintiffs have failed to make any material allegations against it". *See* Defendant's Notice of Removal ¶ 20. In support of this argument Defendants rely on *Brown v. Allstate Insurance*, a case in which the Court found fraudulent joinder because the defendants were not individually named in the body of the complaint and there were no allegations made of wrongdoing by any of the defendants. *Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137. Here, however, McKesson is both named throughout the body of the complaint and allegations of wrongdoing are made against it.

Without these concerns, under California law, Plaintiffs' Complaint must only contain, "a statement of the facts constituting the cause of action in ordinary and concise language." California Code of Civil Procedure § 425.10(b)(1). This has been interpreted to mean that Plaintiffs are required only to plead "sufficient facts to apprise the Defendant(s) of the basis upon which the Plaintiff(s) [are] seeking relief." *Perkins v. Superior Court*, 117 Cal.App. 3d 1, 6 (2nd Dist. 1981).

Defendants' argument that McKesson is fraudulently joined is directly contrary to well established strict liability law in California. A distributor, unlike pharmacists, is liable for failure to warn. *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal.3rd 987, 281 Cal. Rptr. 528, 810 P.2d

549 (1991); see *Jimenez v. Superior Court*, 29 Cal. 4th 473 (2002). Therefore, specific and valid allegations of failure to warn can be made against each GSK and McKesson.

Second, it is not inconsistent to argue that *both* GSK and McKesson were aware, or should have been aware, of the scientifically knowable risks of Avandia. McKesson is neither a pharmacy retailer nor a physician, which are specified as parties not able to be sued for failure to warn. *See Order Denying Plaintiff's Motion to Remand, In re: Phenylpropanolamine (PPA) Products Liability Litigation*, MDL No. 1407, Docket No. C02-423R, Slip Op. (W.D. Wash. Nov. 27, 2002). McKesson is, among other things, a sophisticated pharmaceutical distributor, in the direct chain of distribution of Avandia, that knew or should have known of the dangers of Avandia and warned Plaintiff of those dangers. Defendant's reliance on any case precluding claims against doctors and drug stores would be misplaced.

It is alleged that McKesson, by and through its agents, worked with the Diverse Defendant to develop and distribute Avandia without appraising Plaintiff and/or her treating physicians of known or knowable dangers and without adequately warning of those known or knowable dangers. McKesson had a program in place to assist in product promotion. This is not a company that was merely a conduit for the drug. It was actively engaged in promotion and cannot hide behind the cloak of innocence which could attach under any strict interpretation of the lack of fault that could be attached to a distributor which is merely a clearinghouse. *C.f., Barth v. B.F. Goodrich Tire Co.*, 265 Cal. App. 2d.228 (1st Dist. 1968).

There is absolutely nothing inconsistent in the pleadings. Plaintiff has adequately pled facts to state causes of action against *both* diverse and non-diverse Defendants.

## VI.
## DEFENSE OF LEARNED INTERMEDIARY IS INAPPROPRIATE

Defendant states that based on the "learned intermediary" doctrine, McKesson bore no duty to warn Plaintiff. *See* Notice of Removal at ¶ 23. GSK is wrong. Initially, the ruling by Judge Chaney (attached as **Exhibit A**), disposes of the learned intermediary doctrine at this stage of the litigation, as the mere allegation that the warnings were insufficient in total, means Defendant cannot use it to foreclose any possibility of recovery before that issue is made the subject of discovery. It may be that whoever hears the evidence may conclude that the learned intermediary doctrine defense may be implemented as a matter of fact or law. That is no support for removal in the face of a valid remand motion.

## VII.
## FEDERAL QUESTION JURISDICTION

Plaintiffs' claims do not raise a "substantial federal question" because application of federal law is not necessary for their resolution. Under the general federal removal statute, 28 U.S.C. § 1441 (a), unless otherwise provided by Congress, a defendant may only remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." Absent diversity jurisdiction, a civil action filed in state court may only be removed if the claim "arises under" federal law. *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005). The statutory requirement that there be original jurisdiction means that a question of federal law "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First National Bank,* 299 U.S. 109, 113 (1936). Whether the claim arises under federal law must be determined by applying this "well-pleaded complaint" rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff's statement of the cause of action must affirmatively show it is based on federal law. *Beneficial National Bank v. Anderson*, 539 U.S. 1 at 6-8.

A rare form of "arising under" jurisdiction is created if the complaint, under scrutiny, contains state law based theories of recovery that implicate significant federal issues. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 312 (U.S. 2005). This form of "arising under" jurisdiction has been stated as a two part test. First, it must appear from the complaint that "the right to relief depends upon the construction or application of federal law" and involves a contested federal issue. *Id.* at 313. Further, the underlying federal issue must be sufficiently "substantial" such that there is a clear indication of a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313.

Mere existence of a federal issue is insufficient to confer jurisdiction. Rather, the second prong requires that the "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* Should the purported federal question fail under either of the inquiries, there is no federal jurisdiction.

Because Plaintiffs rely on multiple causes of action against distributors and designers of medications recognized in the State of California, including violations of California Unfair Trade Practices and Consumer Protection Law, application of the well pleaded complaint rule requires that they be permitted to pursue their claims in state court.

Defendants' removal is improper as Plaintiffs' State claims do not involve a substantial contested federal issue. In order for a federal question to be significant or substantial, the federal issue "must be actually disputed, and essential to the adjudication of the plaintiff's claim." *State of Utah v. Eli Lilly & Co.,* 2007 U.S. Dist. Lexis 65571 (D. Utah 2007); quoting *Commonwealth of Pennsylvania v. Eli Lilly & Co. Inc.*, 2007 U.S. Dist. Lexis 46946 (E.D. Pa. 2007) (citing *Grable*, 545 U.S. at 313). Under the substantial federal question doctrine, a state law cause of action

actually arises under federal law, even though Congress has not provided a federal private right of action, "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Board v. Constr. Laborers Vacation Trust for S. Calif.,* 463 U.S. 1, 9 (1983).

However, the incorporation of a federal standard in a state law action does not implicate the substantial federal question doctrine. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986). As in the current case, *Merrell Dow* involved allegations both that inadequate warnings on a drug's label and promotion of that drug were in violation of the Federal Food, Drug & Cosmetic Act. *Id.* at 806. The FDCA does not create a private right of action for violation of the misbranding provision. The Court found that the mere presence of a federal standard embedded in a state law cause of action is not enough to warrant federal question jurisdiction. *Id.* at 810-12. The Court noted the "significance of the necessary assumption that there is no federal private cause of action…cannot be overstated. *Id.* at 812. Further, the Court concluded that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." *Id.* at 814.

## VIII.
## THE PRESCRIPTION DRUG USER FEE REAUTHORIZATION ACT ABOLISHES DEFENDANT'S ALLEGED PREEMPTION DEFENSE

Defendant cites 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006), claiming that under this rule FDA approval of labeling under the act preempts conflicting or contrary State law. However, this claim is without merit. On September 27, 2007, the Prescription Drug User Free Reauthorization Act

(PDUFA) H.R. 3580 was signed into law.[1]  Congress, for the first time through legislation, placed the burden of updating the warning label of a prescription drug squarely on the drug company. *See* PDUFA, H.R. 3580.  The law expressly stipulates that the manufacturer has the responsibility to promptly update its drug label when the manufacturer becomes aware of safety information that should be added to the label.  Thus, even if the FDA does not act in requiring a label change, the drug company still has the burden to update its warning label.

The attempt by the FDA in the Preamble to it recent rules to create a purported preemptive effect of FDA approved labels, 71 Fed. Reg. 3922 (Jan 24, 2006), is now clearly superseded by federal law.  With the adoption of PDUFA, any argument by Defendant that FDA approval of product labeling preempts state law claims related to the adequacy of prescription drug warnings is undoubtedly moot.  The burden of updating the label with respect to the serious side effects of Avandia rests squarely with the Defendant.

## IX.
## CONCLUSION

Defendant has failed to meet its heavy burden to remove this state law action.  For all the foregoing reasons, Plaintiff respectfully requests that this action be remanded to the Superior Court of California, County of San Francisco.

---

[1] PDUFA became effective on October 1, 2007.

Dated: December 7, 2007

                                    Respectfully submitted,


                                      _____/s/_____
David C. Andersen (Bar No. 194095)
THE MILLER FIRM, LLC
Attorneys for Plaintiff
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email:dandersen@doctoratlaw.com

**[PROPOSED] ORDER**

Having read and considered all arguments made in the above matter, and having decided that based on all moving papers and arguments that no diversity and no federal question exists in this case, it is hereby remanded to the Superior Court of San Francisco.

_____         _____
Dated                                                                    Hon. Maria-Elena James

Dated: December 7, 2007

_____/s/_____
David C. Andersen (Bar No. 194095)
THE MILLER FIRM, LLC
Attorneys for Plaintiff
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email:dandersen@doctoratlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Donald. F. Zimmer
Krista Cosner
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

Dated: December 7, 2007

Respectfully submitted,

_____/s/_____
David C. Andersen (Bar No. 194095)
THE MILLER FIRM, LLC
Attorneys for Plaintiff
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email:dandersen@doctoratlaw.com