```
Priority
Send      [XX]
Enter     [X]
Closed    [X]
JS-5/JS-6 [X]
JS-2/JS-3 ___
Scan Only ___
```

FILED
CLERK, U.S. DISTRICT COURT
03-26-02
MAR 26 2002
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BC-254630-LACNLY

SHARON REID, as an individual, on behalf of herself and all others similarly situated; MYRON CARUSO, as an individual,

Plaintiffs,

v.

MERCK & COMPANY, INC., a corporation, et al.,

Defendants.

CASE NO. CV 02-00504 NM (RZx)

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

ENTERED
CLERK, U.S. DISTRICT COURT
03-27-02
MAR 27 2002
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## I. INTRODUCTION

On July 23, 2001 plaintiffs Sharon Reid and Myron Caruso filed a complaint in Los Angeles Superior Court against defendants Merck & Company, Inc. ("Merck"), Century Beverly Hills Pharmacy, Neighbor Care Pharmacy, Good Samaritan Medical Pharmacy (collectively, "the pharmacy Defendants"), and various doe defendants, asserting claims for strict liability, negligence, breach of express and implied warranty, deceit by concealment, negligent misrepresentation, and violation of California Business and Professions Code sections 17200 and 17500. On January 17, 2002 Merck removed the case under 28 U.S.C. § 1441(b) based on diversity, asserting that the non-diverse pharmacy Defendants were fraudulently joined. See Notice of Removal at 4.

Now pending before the court is Plaintiffs' motion to remand.

EXHIBIT 4
-51-

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs are individuals who have been prescribed and supplied with the prescription drug "Vioxx," and, as a consequence of ingesting the same, allegedly have suffered "dangerous, severe and life-threatening side effects," including edema, changes in blood pressure, and cardiovascular problems. Compl. ¶ 1. Plaintiffs allege that Defendants have aggressively marketed and sold Vioxx as an effective pain reliever, while purposefully downplaying and understating the drug's known health hazards and risks. See Compl. ¶¶ 23, 28, 31.

## III. DISCUSSION

### A. Legal Standard

For removal to be valid based on diversity, 28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). However, one exception to the requirement of complete diversity is when a non-diverse defendant has been "fraudulently joined" for the purpose of defeating diversity jurisdiction. See id. "Fraudulent joinder" is a term of art and does not impugn the integrity of plaintiffs or their counsel and does not refer to an intent to deceive. See id.; see also DaCosta v. Novartis AG, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris, 236 F.3d at 1067 (internal quotation marks omitted).

A defendant seeking removal to federal court "is entitled to present the facts showing the joinder to be fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in

EXHIBIT 4
-52-

1  summary judgment proceedings, such as affidavits and deposition testimony.
2  DaCosta, 187 F. Supp. 2d at 1181.
3          There is a presumption against finding fraudulent joinder, and defendants
4  asserting that plaintiff has fraudulently joined a party carry a heavy burden of
5  persuasion. Plute v. Roadway Package System, 141 F. Supp. 2d 1005, 1008 (N.D.
6  Cal. 2001); see also Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709,
7  712 n.3 (9th Cir. 1990). Courts have denied claims of fraudulent joinder when
8  there is any possibility that a plaintiff may prevail on the cause of action against
9  the in-state defendant. Plute, 141 F. Supp. 2d at 1008; see also Cavallini v. State
10 Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995) ("The removing party
11 must prove that there is absolutely no possibility that the plaintiff will be able to
12 establish a cause of action against the in-state defendant in state court.") (internal
13 quotation marks omitted). "In determining whether a defendant was joined
14 fraudulently, the court must resolve 'all disputed questions of fact and all
15 ambiguities in the controlling state law in favor of the non-removing party.'"
16 Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951
17 F.2d 40, 42-43 (5th Cir. 1992)). Furthermore, any doubts concerning the
18 sufficiency of a cause of action due to inartful, ambiguous or technically defective
19 pleading must be resolved in favor of remand, and a lack of clear precedent does
20 not render the joinder fraudulent. Plute, 141 F. Supp. 2d at 1008; see also
21 Archuleta v. Am. Airlines, Inc., 2000 WL 656808, at *4 (C.D. Cal. 2000) (citing
22 Gaus v. Miles, Inc., 980 F.2d 565, 566-67 (9th Cir. 1992)).
23
24                              B. Application
25         Plaintiffs argue removal was improper and remand is necessary because
26 complete diversity of citizenship does not exist. Merck contends that the
27 pharmacy Defendants were fraudulently joined for the sole purpose of defeating
28 diversity of citizenship, and that, consequently, the pharmacy Defendants must be

EXHIBIT 4
-53-

ignored for diversity jurisdiction purposes.

It is undisputed that Plaintiffs are residents of California. As Merck produces uncontradicted extrinsic evidence to show that Neighbor Care Pharmacy is not a California resident, and as the complaint alleges no causes of action against Good Samaritan Medical Pharmacy, the court addresses only whether Century Beverly Hills Pharmacy, undisputedly a California resident, was fraudulently joined. See Isetti Decl. ¶ 3 (Neighbor Care is Delaware corporation with principal place of business in Pennsylvania); see also Bond Decl. ¶ 3 (Neighbor Care's office in Cerritos, California, does not sell drugs to, or otherwise interface with, patients).

Plaintiffs assert four causes of action against Century Beverly Hills Pharmacy: negligence, deceit by concealment, violation of California Business & Professions Code 17200, and violation of California Business & Professions Code 17500.[1] To prove fraudulent joinder, Merck must establish that settled California law precludes these causes of action against Century Beverly Hills Pharmacy. In its opposition, Merck argues that each of these causes of action is premised upon a duty to warn, and that jurisdictions from across the country have rejected imposition of such a duty on pharmacists pursuant to the "learned intermediary" doctrine. See Opp. at 9-10. Merck urges this court to follow the reasoning set forth in various non-binding cases by rejecting such a duty here, and sets forth various policy arguments in support of its position. See Opp. at 10-13.

However, Merck concedes that "California courts have not yet decided the specific issue of whether the learned intermediary doctrine precludes the

---

[1] Plaintiffs also assert a cause of action for "strict liability - failure to warn" against Century Beverly Hills Pharmacy. See Compl. ¶¶ 34-37. However, in their moving papers, Plaintiffs concede that pursuant to Murphy v. E.R. Squibb & Sons, Inc., 40 Cal. 3d 672 (1985), pharmacists are not subject to strict liability. See Mot. at 9. Accordingly, the court does not consider this cause of action for purposes of the motion to remand.

EXHIBIT 4
-54-

1  imposition of a duty to warn on pharmacists . . . ." See Opp. at 10. Indeed, in
2  1985 the California Supreme Court left open the question whether a pharmacist
3  may be held negligent for alleged defects in a product. See Murphy v. E. R.
4  Squibb & Sons, Inc., 40 Cal. 3d 672, 675 (1985) ("We will decide whether a
5  pharmacy at which the drug was purchased may be held strictly liable for alleged
6  defects in the product (as distinguished from ordinary negligence) . . . .")
7  (parenthetical in original). Other California cases suggest that as service
8  providers, pharmacists may be held liable under negligence theories. See, e.g.,
9  Gagne v. Bertran, 43 Cal. 2d 481, 489 (1954) ("The services of experts are sought
10 because of their special skill. They have a duty to exercise the ordinary skill and
11 competence of members of their profession, and a failure to discharge that duty
12 will subject them to liability for negligence."); see also Pierson v. Sharp Mem'l
13 Hosp., 216 Cal. App. 3d 340, 345 (1989) (defining pharmacists as service
14 providers); Murphy, 40 Cal.3d at 676 ("those who sell their services for the
15 guidance of others . . . are not liable in the absence of negligence or intentional
16 misconduct.") (internal quotation marks omitted).

17       In the absence of binding California authority establishing that pharmacies
18 may not be held liable for violation of a "duty to warn," the court cannot rule as a
19 matter of law that there is "absolutely no possibility" Plaintiffs could prevail on
20 their causes of action against Century Beverly Hills Pharmacy. See Cavallini, 44
21 F.3d at 259; Plute, 141 F. Supp. 2d at 1012 (in absence of binding California law
22 establishing that plaintiff could not prevail on retaliation claims against defendant
23 supervisors, defendant did not meet its burden of showing that supervisors were
24 fraudulently joined). Consequently, Merck does not meet its heavy burden of
25 demonstrating that Century Beverly Hills Pharmacy was fraudulently joined, and
26 the matter must be remanded because complete diversity of citizenship is lacking.
27 See Plute, 141 F. Supp. 2d at 1011 ("FedEx's policy-based and statutory
28 construction arguments demonstrate that FedEx cannot meet the standard for

EXHIBIT 4
-55-

fraudulent joinder: FedEx has not demonstrated that *settled* California law precludes Plute from suing his former supervisors for retaliation.") (emphasis in original).

Merck also argues the complaint does not attribute wrongdoing to the particular defendant pharmacies, and that the conclusory allegations are insufficient to destroy diversity. See Opp. at 18-19. As stated above, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous or technically defective pleading must be resolved in favor of remand. Plute, 141 F. Supp. 2d at 1008. In the complaint Plaintiffs allege that the pharmacy Defendants "were engaged in the business of prescribing, formulating, distributing, supplying and selling Vioxx." Compl. ¶ 11. Plaintiffs further allege that "Defendants and each of them purposefully downplayed and understated the health hazards and risks associated with Vioxx," that Defendants "intentionally concealed and suppressed the true facts concerning said pharmaceutical products with the intent to defraud Plaintiffs, in that Defendants knew that . . . Plaintiffs would not have used the subject products, if they wee aware of the true facts concerning the dangers of said product. Compl ¶¶ 31, 62; see also id. ¶ 74c (Defendants "purposely downplay[ed] and understat[ed] the health hazards and risks associated with Vioxx"); id. ¶ 76 ("Defendants have been unjustly enriched by receipt of hundreds of millions of dollars in ill-gotten gains from the sale and prescription of said drugs in California, sold in large part as a result of the acts and omissions described herein."). Given the liberal pleading requirements, the general allegations against "Defendants" are sufficient to charge the pharmacy Defendants with the alleged wrongful conduct. See Plute, 141 F. Supp. 2d at 1010 n.4; see also Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994) (courts must interpret general allegations to "embrace whatever specific facts might be necessary to support them."); see also Archuleta, 2000 WL 656808, at *9 ("The court's task on the present motion [to remand] is not to evaluate whether the

EXHIBIT 4
-56-

acts of [defendants] were sufficiently pervasive that [plaintiff] will prevail on his harassment claim. Rather, it is to determine whether he has so obviously failed to state a claim under California law that his joinder of the two defendants is fraudulent for jurisdictional purposes."). In light of the above, Merck's additional argument that Plaintiffs' fraud claim lacks the requisite specificity in pleading would be better addressed to the state court.

## IV. CONCLUSION

For the reasons set forth above, the court grants Plaintiffs' motion to remand this action to the Los Angeles Superior Court.

DATED: March 25, 2002

Nora M. Manella
United States District Judge