n/a
DAVID C. ANDERSEN (State Bar No. 194095)
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
Email: dandersen@doctoratlaw.com

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

Case No. 3:07-cv-06050

ROSE HEFNER, REP. OF
IRVING HEFNER, (DECEASED),
ET AL.

Plaintiff,

v.

SMITHKLINE BEECHAM
CORPORATION
d/b/a GLAXOSMITHKLINE and
MCKESSON CORPORATION

Defendants

PLAINTIFF'S MOTION
AND MEMORANDUM
IN OPPOSITION TO
DEFENDANTS'
MOTION TO STAY

HEARING:
DATE: February 25, 2008
TIME: 2:00 p.m.
COURTROOM: 15
JUDGE: Marilyn Hall Patel

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1) PLEASE TAKE NOTICE that on February 25, 2008, at 2:00 p.m. in Courtroom 15 of the above-entitled courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, or as soon thereafter as the matter may be heard, plaintiffs hereby move this Court to OPPOSE defendants' motion to stay these proceedings, pretrial activities, Rule 26 disclosures, and any other discovery and pretrial deadlines.

# PLAINTIFFS' MOTION AND MEMORANDUM
# IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

## I. INTRODUCTION

Plaintiffs respectfully request this Court deny Defendants' Motion to Stay all Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("JPML"). Defendants seek a stay of this action in order to prevent this Court from ruling upon the fundamental question of federal question jurisdiction posed by Plaintiffs' pending Motion for Remand. Defendants argue that a stay pending transfer by the JPML to MDL No. 1871, over which the Honorable Cynthia Rufe is presiding, will "conserve the Court's and parties' resources, avoid duplicative litigation and prevent inconsistent rulings on issues that arise repeatedly in Avandia litigation. (Def's Mem. in Supp. Of Mot. To Stay at 2).

Courts often analyze three factors when deciding whether to issue a stay of proceedings pending a decision by the Panel on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity of the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *See Leeson v. Merck & Co., Inc., et al.,* 2006 U.S. Dist. LEXIS 3096, 13, (E.D. Cal. 2006) citing *Rivers v. The Walt Disney Co.,* 980 F.Supp. 1358, 1360-62 (C.D. Cal. 1997); *see also Landis,* 299 U.S. at 254-55; *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).

First, with all due respect, there should be no transfer at all because there simply is no substantial and disputed federal question which arises from the Plaintiffs' well pleaded complaint and thus there is no federal jurisdiction. Beyond this, as will be outlined below, application of these factors reveals that: (1) a stay would not serve the interests of judicial economy or preserve resources; (2) defendants will suffer no hardship if the matter is not stayed; and (3) Plaintiffs will suffer undue prejudice if this case is needlessly delayed.

## II. STATEMENT OF THE CASE

Plaintiffs filed a complaint against SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") and McKesson Corporation ("McKesson") pursuant to Cal. Bus. & Prof. Code § 17200, et seq., the Consumer Legal Remedies Act, Civ. Code § 1750 et seq. ("CLRA"), and other state law claims in California State Court. All of Plaintiffs' claims are based entirely on state statutes and California common law.

Notwithstanding the absence of any claim in Plaintiffs' well pleaded complaint based on federal law, Defendants removed this case to federal court, alleging that Plaintiffs state law claims raise substantial issues of federal law and, therefore, confer jurisdiction under 28 U.S.C. § 1331 or, alternatively, that Plaintiffs' claims are preempted by federal law.

Plaintiffs moved to Remand on the basis that there was no claim arising under federal law, nor any substantial or disputed federal question in the well pleaded complaint. Subsequently, Defendants filed this motion asking this Court to stay all proceedings, including any jurisdictional inquiry, pending possible transfer of this case by the JPML to the Avandia MDL.

Following Plaintiffs' Motion to Remand to state court, a Conditional Transfer Order (CTO-4) was issued December 4, 2007, by the Judicial Panel on Multi-District Litigation seeking to transfer Plaintiffs' actions to the Eastern District of Pennsylvania for consolidated pretrial proceedings. This transfer was opposed by Plaintiffs via an Opposition to Conditional Transfer Order filed December 10, 2007.

### ARGUMENT

**I. THIS COURT IS UNDER NO OBLIGATION TO STAY THE CASE AND JUDICIAL ECONOMY IS BEST SERVED BY THIS COURT ADDRESSING THE JURISDICTIONAL ISSUE.**

Courts have inherent discretionary authority over motions to stay proceedings. *See Landis v. North Am. Co.,* 299 U.S. 248, 254-255 (1936). Further, the JPML Rules specifically hold this Court is under no obligation to issue a stay. Indeed, contemplating the situation presented in this case, the Rules were expressly written to allow this Court to proceed:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 **does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.**

J.P.M.L Rule 1.5 (emphasis added). Envisioning the precise situation presented to this Court, the Manual for Complex Litigation specifically provides that the district court may rule on a motion for remand before the Panel acts on a motion to transfer.

> During the pendency of a motion (or show cause order) for transfer…the court in which the action was filed retains jurisdiction over the case…The transferor court should not automatically stay discovery;…postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing on a motion for transfer,…**matters such as motions to dismiss or to remand, raising issues unique to this particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.**

MANUAL FOR COMPLEX LITIGATION § 20.131 (4th ed. 2006) (footnotes omitted, emphasis added).

The case law supports the conclusion that it is the District Court's responsibility to rule on jurisdiction issues prior to transfer to the MDL.

> Granting a stay solely based on the existence of a factually related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and JPML Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns.
>
> *Pennsylvania v. TAP Pharmaceutical Products, Inc.,* 415 F.Supp.2d 516, 521 (E.D. Pa. 2005).

Plaintiff's Motion and Memorandum in Opposition to Defendants' Motion to Stay

While Defendants cite cases in which courts have issued a stay rather than decide pending motions, numerous other courts have proceeded differently, particularly when the pending motion asks the court to examine whether there is any jurisdictional basis at all for retaining the case in federal court. *See, e.g. Illinois Municipal Retirement Fun v. Citigroup, Inc.,* 391 F.Supp.2d 844, 851 (7th Cir. 2005) (holding "we find nothing absurd in the district courts individually evaluating their own jurisdiction. Furthermore, Congress has indicated a preference for remands based on such individualized jurisdictional evaluations and a tolerance (finding that it is in the interest of judicial economy to rule on the motion to remand before transfer."); *Anderson v. Merck & Co.,* 417 F.Supp.2d 842, 844 (E.D. Ky. 2006) (finding that it is in the interest of judicial economy to rule on the motion to remand before transfer."); *Comes v. Microsoft Corp.,* 403 F.Supp.2d 897, 904 (S.D. Iowa 2004) (finding lack of jurisdiction and thus holding decision to stay proceedings would be inappropriate); *Farkas v. Bridgestone/Firestone, Inc.,* 113 F.Supp.2d 1107, 1115 (W.D. Ky. 2000) (holding "the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel"); *Stern v. Mutual Life Insurance Co.,* 968 F.Supp. 637, 639 (N.D. Alaska 1997) ("It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action."); *People v. Trans World Airlines,* 720 F.Supp. 826, 829 (S.D. Cal. 1989) ("Granting a stay pending resolution of motions before the Judicial Panel on Multidistrict Litigation…is impractical, because neither action is binding on this court if we do not have subject matter jurisdiction.").

Indeed, one of the principal cases upon which Defendant relies in support of their stay application actually supports Plaintiffs' position that a stay is in appropriate under the circumstances here. In *Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D. Cal. 1997), it was plaintiffs, not defendants, who moved to stay the action pending a decision by the JPML as to

whether to create an MDL case. Because that case had been filed in federal court, there was no question of federal jurisdiction, as exists here. The only issue, in that case, was whether judicial economy and efficiency would best be served by the district court staying discovery and other pretrial proceedings pending the outcome of the JPML decision to consolidate all federal cases in one MDL court.

In contrast, here the instant case was not filed in federal court, but rather was improperly removed from state court. The stay herein is sought to prevent this Court from deciding the basic jurisdictional question. The court in *Rivers* distinguished its decision from two cases denying a motion to stay pretrial proceedings, on the basis that it was not necessary to resolve any basic jurisdictional issues at the outset of the litigation. *Rivers,* 980 F.Supp. at 1361-1362. Accordingly, *Rivers* actually indirectly supports the position that resolving the "basic jurisdictional issue" in this case at the outset is necessary and truly advances judicial economy and efficiency.

As shown in its Memorandum in support of Remand, Plaintiffs brought this action to recover damages incurred by them under state law theories of recovery that do not involve substantial and disputed federal questions and any federal defenses such as preemption claimed by Defendant do not thereby justify federal jurisdiction. Issuing a stay, instead of deciding the issue of this Court's jurisdiction, raises significant federalism and comity concerns that ought to be considered immediately rather than delayed for an MDL court focused on resolving the litigation of numerous other individual personal injury cases. It is hardly conservative of judicial resources for this Court to rule on defendants' motion to stay, allow the JPML to rule on Defendants' request for transfer, and then force the transferee court to rule on Plaintiffs' pending motion for remand. Certainly it is more efficient for this Court to go forward with the jurisdictional inquiry at this

stage than to delay resolution of an issue which may divest this Court, the JPML and the transferee court of jurisdiction over the matter.

It can hardly be considered a waste of judicial resources for a federal court to conduct a proper and mandatory inquiry into its powers under Article III to hear a matter. Transferring this case to the MDL panel is an act that requires jurisdiction. Because of the significant federalism and state sovereignty concerns at stake here, Plaintiffs contend that this Court should decide Plaintiffs' Motion to Remand to state court based on the lack of federal jurisdiction, rather than staying this case and allowing a lawsuit with questionable federal basis to remain in federal court.

## II.     THE DEFENDANTS WILL FACE NO HARDSHIP IF STAY IS DENIED.

Defendants argue they will be prejudiced if the Court refuses to grant the stay because they will be forced to engage in duplicative discovery and motion practice. As mentioned earlier, this case is unlike all others currently pending in the MDL proceedings. The cases currently in the MDL are personal injury cases involving issues of general negligence and strict product liability proof, causation, and damages. Plaintiffs' cases involve violations of California state statutory and common law which will require significant discovery on issues involving Defendants' conduct toward them. While some evidentiary proof may overlap, much discovery is required by Plaintiffs to prove claims unique to their cases. This will require specific discovery that has not been done to date in the Avandia MDL, nor will it be done because these aspects would not pertain to those cases in the MDL. There is no risk that Defendants will have to "reinvent the wheel" with regard to discovery of any overlapping issues because the benefits of consolidated discovery will be available in state courts as well as federal courts.

## III.    STAYING PLAINTIFFS' LITIGATION EFFORTS AT THIS TIME WILL PREJUDICE PLAINTIFFS

The specific discovery this case requires is unique to the factual circumstances of Plaintiffs, and California statutory and common law. Therefore, there is simply no reason to delay remand to the state court for that case specific discovery and adjudication under state law. The MDL proceedings would be of limited value for these Plaintiffs and Plaintiffs will suffer substantial hardship if required to incur the certain delay. By the Court ordering remand, this case can move forward immediately in state court, expediting justice for Plaintiffs and permitting the state of California to preserve its interest in these matters.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' motion for a stay so that it may first inquire into and decide the fundamental jurisdiction question.

Dated: January 15, 2008            Respectfully submitted,


                                                    /s/
                               David C. Andersen (Bar No. 194095)
                               THE MILLER FIRM, LLC
                               Attorneys for Plaintiff
                               108 Railroad Avenue
                               Orange, VA 22960
                               Phone: (540) 672-4224
                               Fax: (540) 672-3055
                               Email:dandersen@doctoratlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Donald. F. Zimmer
> Krista Cosner
> Drinker Biddle & Reath LLP
> 50 Fremont Street, 20th Floor
> San Francisco, CA 94105

Dated: January 15, 2008

                Respectfully submitted,

                _____/s/_____
                David C. Andersen (Bar No. 194095)
                THE MILLER FIRM, LLC
                Attorneys for Plaintiff
                108 Railroad Avenue
                Orange, VA 22960
                Phone: (540) 672-4224
                Fax: (540) 672-3055
                Email:dandersen@doctoratlaw.com